```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY YOUNG,

                Petitioner,
                                           MEMORANDUM AND ORDER
         -against-                         04-CR-0209(JS)

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Anthony Young, pro se
                    #68709-053
                    USP Florence
                    P.O. Box 7000
                    Florence, Colorado 81226

For Respondent:     Anthony Bagnuola, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    271 Cadman Plaza East
                    Brooklyn, NY 11201
```

SEYBERT, District Judge:

Anthony Young ("Petitioner") petitions this Court pro se for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a). (See Pet., D.E. 273.) For the following reasons, the Petition is DENIED in its entirety.

BACKGROUND

On November 18, 2005, Petitioner entered a guilty plea in the United States District Court for the Eastern District of New York to Count Two of a Superseding Indictment. (See Plea Tr., D.E. 281-4; J., D.E. 154, at 1.) As filed, Count Two charged

Violent Crimes in Aid of Racketeering Activity in violation of 18 U.S.C. § 1959(a)(3).  (See Superseding Indict., D.E. 46, at 5-6.) In pertinent part, Petitioner's Section 1959(a)(3) charge stated that "for the purpose of maintaining and increasing [Petitioner's] position in the Bloods, an enterprise engaged in racketeering activity, [Petitioner] did knowingly and intentionally aid, abet, counsel, command, induce and procure the assault of an individual believed to be an MS-13 member with a dangerous weapon, to wit, a gun in violation of New York Penal Law Section 120.10."  (Plea Tr. 10:2-8.)  Petitioner's guilty plea was negotiated through a Plea Agreement with the Government, which stated that Section 1959(a)(3) carried a maximum incarceration sentence of twenty years, but Petitioner would receive a fixed sentence of seven years of incarceration.  (See Plea Agreement, D.E. 281-2, ¶¶ 1, 2.)  The Plea Agreement contained an appellate waiver, in which Petitioner agreed not to appeal or collaterally attack his conviction or sentence if he received a sentence of seven years.  (Plea Agreement ¶ 3.)

During Petitioner's guilty plea before the Honorable Thomas C. Platt, he was asked a series of plea allocution questions.  Prior to accepting his guilty plea, the Court confirmed that Petitioner had discussed the Plea Agreement with his attorney who informed Petitioner of the constitutional rights he would forfeit by choosing to plead guilty.  (Plea Tr. 3:18-7:24.)  In

addition, the Court ensured that Petitioner was pleading guilty voluntarily and that he was in fact guilty of the charge. (Plea Tr. 9:1-11:9, 14:21-24.) Petitioner admitted to his criminal conduct, stating:

> On or about July 31st, I had got in contact with some Blood members because another Blood member in the organization had got shot by an MS-13 member, and I then called and get on the phone with a couple of them and I told them that they need to put in work on a guy that shot the other Blood member, and it was reasonably foreseeable to me that they would use the gun in the commission of a crime.

(Plea Tr. 10:25-11:7.) Regarding the Plea Agreement, the Court confirmed that Petitioner understood he negotiated for a fixed sentence of seven years of incarceration. (Plea Tr. 6:2-9.) At the end of the plea proceeding, the Court indicated it was satisfied with the allocution and accepted Petitioner's guilty plea. (Plea Tr. 16:2-4.) Petitioner was sentenced to the agreed upon term of seven years. (J. at 2.)

Petitioner did not directly appeal his conviction or sentence, or file a petition to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255. On August 13, 2018, Petitioner filed the instant Petition for a writ of error coram nobis, arguing that "the act which formed the basis of [his] guilty plea no longer constitutes a predicate crime for conspiracy to violate the RICO Act, via first degree assault with a dangerous weapon (N.Y. Penal

3

Law § 120.10) in aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3)." (See Pet., D.E. 273, at 2.) The Government filed a response on November 30, 2018, arguing that Petitioner's claims are procedurally barred by the Plea Agreement and without merit. (See Resp't's Br., D.E. 281, at 3-6.) Petitioner replied on December 20, 2018. (Pet'r's Reply, D.E. 283.)

DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of the Petition.

I. Legal Standard

A writ of error coram nobis is authorized by the All Writs Act, 28 U.S.C. § 1651 and is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). Further, "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Carlisle v. United States, 517 U.S. 416, 429, 116 S. Ct. 1460, 1467, 134 L. Ed. 2d 613 (1996) (quoting Penn. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S. Ct. 355, 361, 88 L. Ed. 2d 189 (1985)). As such, the writ of coram nobis

4

"is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid."  Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and citation omitted).

When seeking coram nobis relief, the petitioner bears the burden of demonstrating that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  Id. at 79 (internal quotation marks and citations omitted).  The petitioner bears the burden of proof and "[i]t is presumed [that] the [prior] proceedings were correct."  United States v. Morgan, 346 U.S. 502, 512, 74 S. Ct. 247, 253, 98 L. Ed. 248 (1954). Moreover, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."  Carlisle, 517 U.S. at 429, 116 S. Ct at 1468 (internal quotation marks and citation omitted; alteration in original).

"It is undisputed that '[b]ecause a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations.'"  Foont, 93 F.3d at 79 (quoting Telink, Inc. v.

5

United States, 24 F.3d 42, 45 (9th Cir. 1994)). "A petition for a writ of error coram nobis, however, may still be time barred if the petitioner cannot provide a justified reason for failure to seek appropriate relief at an earlier date." Cruz v. People of N.Y., No. 03-CV-9815, 2004 WL 1516787, at *4 (S.D.N.Y. July 6, 2004). Thus, the Court considers timeliness on a case-by-case basis. See Foont, 93 F.3d at 79-80; Cisse v. United States, 330 F. Supp. 2d 336, 344 (S.D.N.Y. 2004).

Though a coram nobis petition is not a petition for habeas corpus relief, "'[b]ecause of the similarities between coram nobis proceedings and § 2255 proceedings, the § 2255 procedure often is applied by analogy in coram nobis cases.'" Fleming, 146 F.3d at 90 n.2 (quoting Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996)).

As Petitioner's submissions were filed pro se, the Court will liberally construe them "'to raise the strongest arguments that they suggest.'" Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, this does not excuse Petitioner "'from compl[ying] with relevant rules of procedural and substantive law'". Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

6

II. Analysis

As to the timeliness prong, the Second Circuit has explained that timeliness is "a threshold procedural hurdle to obtaining coram nobis relief." Dixon v. United States, No. 14-CV-960, 2015 WL 851794, at *6 (S.D.N.Y. Feb. 27, 2015). There is no specific statute of limitations governing petitions for coram nobis relief, but an "unjustified delay" in filing a petition is still "fatal to an application for coram nobis." Dorfmann v. United States, 13-CV-4999, 2014 WL 260583, at *6 (S.D.N.Y. Jan 23, 2014). Here, though Petitioner filed his coram nobis petition approximately thirteen years after his guilty plea, Petitioner explains his delay by arguing that his claim arose after the Supreme Court's determination in Sessions v. Dimaya, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018). (See Pet. at 6.) Accordingly, due to the timing of the pertinent Supreme Court decision, the Court does not deny this Petition for timeliness reasons.

Turning to the continuing legal circumstances prong, Petitioner states the following:

> This petitioner is presently serving a 120 month federal sentence imposed in the U.S. District Court for the District of West Virginia. He pled guilty to assault and obstruction charges on April 26, 2013. The petitioner's only two 'prior convictions' are (1) assault in the second degree under N.Y. Penal Law § 120.05 and (2) the instant § 1959(a)(3) conviction. It was solely because of the two prior convictions that the U.S. District Court in West Virginia qualified

7

> petitioner as a Career Offender, imposing the 120 month[ ] sentence. In which is a much heavier legal penalty than an ordinary guidelines sentence which the petitioner would have received but for the prior convictions.

(Pet. at 6.) To demonstrate that a petitioner is suffering from continuing legal consequences, "a petitioner must at least point to 'a concrete threat that an erroneous conviction's lingering disabilities will cause serious harm . . . . [I]t is not enough to raise purely speculative harms.'" Fleming, 146 F.3d at 91 (quoting United States v. Craig, 907 F.2d 653, 658 (7th Cir. 1990). As conceded by the Government, the Second Circuit has found that "where [a] petitioner's federal conviction was used as an aggravating factor" at a subsequent sentencing, this may constitute a continuing legal consequence. Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992); see also Fleming, 144 F.3d at 90. Therefore, the Court does not deny the Petition based on the fact that Petitioner has failed to demonstrate that he is suffering from continuing legal consequences.

However, the Court finds that Petitioner cannot demonstrate that he is entitled to coram nobis relief because he has not shown that the underlying proceeding was fundamentally flawed, such that there are "circumstances compelling such action to achieve justice." Foont, 93 F.3d at 79 (internal quotation marks and citation omitted). As discussed above, it is

8

Petitioner's position that following the Supreme Court's decision in Dimaya, his conviction is based on an unconstitutionally vague statute and he is therefore entitled to coram nobis relief. (Pet. at 2-3.) In Dimaya, the Supreme Court was faced with the question of whether following the decision in Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), a "similarly worded clause" in 18 U.S.C. § 16 must now be deemed unconstitutionally vague. Dimaya, 138 S. Ct. at 1210. Specifically, Dimaya addressed the Immigration and Nationality Act that "renders deportable any alien convicted of an 'aggravated felony.'" Id. (quoting 8 U.S.C. § 1227(a)(2)(A)(iii)). The Immigration and Nationality Act provides multiple definitions of "aggravated felonies," one of which is a "crime of violence" as defined in 18 U.S.C. § 16. Id. at 1211. Section 16 defines a crime of violence as: "(a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16. Section 16(b), commonly referred to as the residual clause, is worded similarly to 18 U.S.C. § 924(e)(2)(B); the Supreme Court previously found Section 924(e)(2)(B) to be unconstitutionally vague. Dimaya, 138 S. Ct. at 1211-1212. Ultimately, the Supreme Court found in Dimaya as it

9

had in Johnson, the Court found that 18 U.S.C. § 16(b) was unconstitutionally vague. Id. at 1223.

Therefore, Petitioner contends that following Dimaya, his underlying criminal conduct, Assault in the First Degree pursuant to New York Penal Law § 120.10, is not a crime of violence as it does not satisfy 18 U.S.C. § 16(a) and 18 U.S.C. § 16(b) is unconstitutional. (Pet. at 2-5.) In response, the Government argues, in pertinent part, that Petitioner's claim is without merit "because the petitioner was neither charged with nor pled guilty to any statutory provision that incorporates the now-invalid 'crime of violence' definition in § 16(b)." (Resp't's Br. at 3.) The Court agrees.

Section 1959(a), the basis for Petitioner's guilty plea, states the following:

> (a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise in racketeering activity, or <u>for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity</u>, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished - -
>
> > (1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for

> life, or a fine under this title, or both;
>
> (2) for maiming, by imprisonment for not more than thirty years or a fine under this title, or both;
>
> (3) <u>for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both</u>;
>
> (4) for threatening to commit a crime of violence, by imprisonment for not more than five years or a fine under this title, or both;
>
> (5) for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both; and
>
> (6) for attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury, by imprisonment for not more than three years or a fine [ ] or both.

18 U.S.C. § 1959(a) (emphasis added). Though Section 1959(a) makes reference to crimes of violence that may satisfy certain subsections of the statute, Petitioner pled guilty to Section 1959(a)(3), which only encompasses "assault with a dangerous weapon" or "assault resulting in serious bodily injury." 18 U.S.C. § 1959(a)(3). Accordingly, the analysis of what qualifies as a crime of violence is inapplicable to the subsection of Petitioner's guilty plea. Rather, the applicable elements of Section 1959(a)(3) are that petitioner "[(1)] assaulted someone with a dangerous

11

weapon . . . or assaulted someone resulting in serious bodily injury . . . and (2) committed that act for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." United States v. McAuley, 629 F. App'x 74, 77 (2d Cir. 2015) (summary order) (internal quotation marks and citations omitted). Thus, there is no need for the Court to engage in whether Dimaya renders a different portion of Section 1959(a) unconstitutional, as the requisite elements of Petitioner's conviction do not include a crime of violence.

In addition, Petitioner encourages the Court to find that New York Penal Law § 120.10 is not categorically a crime of violence because: (1) it "does not require proof that the offender used violent force in causing the injury and therefore, does not have as an element the use, attempted use, or threatened use of physical force against the person of another" in order to satisfy the definition contained in 18 U.S.C. § 16(a); (2) the residual clause in 18 U.S.C. § 16(b) is void for vagueness; and (3) "[i]t is unclear . . . exactly which subsection of N.Y. Penal Law § 120.10 was used" to satisfy Section 1959(a). (See Pet. at 3-5.)

Assault in the First Degree, pursuant to New York Penal Law § 120.10 states:

> A person is guilty of assault in the first degree when:

(1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or

(2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or

(3) Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person; or

(4) In the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom, he, or another participant if there be any, causes serious physical injury to a person other than one of the participants.

N.Y.P.L. § 120.10. The Government argues that when reviewing the underlying record of Petitioner's guilty plea and when looking to the plain language of the Indictment, the offense underlying Petitioner's Section 1959(a)(3) conviction is a violation of N.Y.P.L. § 120.10(1). (See Resp't's Br. at 4-5.)

Petitioner's Superseding Indictment charges that the underlying criminal conduct Petitioner engaged in was to "knowingly and intentionally aid, abet, counsel, command, induce and procure to assault of an individual . . . with a dangerous weapon, to wit: a gun, in violation of New York Penal Law Section

13

120.10." (Superseding Indict. at 6.) Turning to the record of the guilty plea, Petitioner admitted to the following conduct: "On or about July 31st, I had got in contact with some Blood members because another Blood member in the organization had got shot by an MS-13 member, and I then called and get on the phone with a couple of them and I told them that they need to put in work on a guy that shot the other Blood member, and it was reasonably foreseeable to me that they would use the gun in the commission of the crime." (Plea Tr. 10:25-11:7.)

As suggested by the Government, when reviewing the Indictment and the guilty plea, the content of both tracks the language in subsection (1) of Assault in the First Degree. The Second Circuit has already found that P.L. § 120.10(1) is a crime of violence under the Sentencing Guidelines, in that it "clearly has, as an element, the use or attempted use of force." United States v. Houston, 732 F. App'x 24, 29 (2d Cir. 2018) (summary order). Accordingly, the Court finds that even if Petitioner's conviction required an underlying crime of violence, P.L. § 120.10(1) qualifies as such, as it "has an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 16(a).

## CONCLUSION

For the foregoing reasons, the Petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 (Docket Entry 273)

14

is DENIED. Because there can be no debate among reasonable jurists that Petitioner was not entitled to coram nobis relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir.2005).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   May   16  , 2019
         Central Islip, New York